Ezra Hanagan, J.
The defendant-petitioner has made a motion for a proceeding in the nature of a writ of coram nobis to vacate and set aside a judgment of conviction entered in the Oneida County Court on February 14, 1946, convicting the defendant-petitioner upon his plea of guilty of forgery in the second degree committed as a fourth felony offense.
One of the previous felony convictions alleged in the indictment to which the defendant-petitioner pleaded guilty was the crime of breaking and entering in the nighttime entered in the Superior Court, County of Hampshire, Massachusetts, on the 7th day of June, 1937. It is the contention of the defendant-petitioner that his conviction in said Superior Court of Massachusetts on June 7, 1937 did not constitute a conviction of a felony but that it was a conviction for a misdemeanor, namely larceny of $17.50, and therefore the prosecution in Oneida County could not use that conviction as a previous felony conviction as alleged in its indictment.
Attached to the defendant-petitioner’s petition is a certified copy of the indictment of the defendant-petitioner returned by a G-rand Jury to Superior Court at Northampton, County of Hampshire, Massachusetts on June 7, 1937. The indictment reads as follows: “ That Dwight E. Newport of Amherst in the county of Hampshire aforesaid on the 6th day of March now last past at Amherst in said county of Hampshire, in the nighttime, did break and enter a certain building, to wit, the dwelling house of one H. Newton G-lick situated in said Amherst with intent therein to commit Larceny, and did steal therefrom money of the value of $17.50 of the property of said H. Newton Glick ”.
The certified copy of the court records of the Superior Court, County of Hampshire, Massachusetts, attached to the answering affidavits of the respondent, shows that the defendant-petitioner was arraigned on said indictment in the said Superior Court on June 7,1937 and pleaded guilty thereto, and was on the same day sentenced to the House of Correction for the term of one year.
*967 Section 16 of chapter 266 of the Annotated Laws of Massachusetts defines one of the crimes constituting burglary as follows: “Breaking, in Night Time, Building or Ship. Whoever, in the night time, breaks and enters a building, ship or vessel, with an intent to commit a felony, shall be punished by imprisonment in the state prison for not more than twenty years ”. “Felony” and “misdemeanor” in Massachusetts are defined in section 1 of chapter 274 of the Annotated Laws of Massachusetts as follows: “A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors ”. Burglary in the third degree in this State is defined in section 404 of the Penal Law of this State as follows: “A person who: 1. With intent to commit a crime therein, breaks and enters a building or a room or any part of a; building; * * * Is guilty of burglary in the third degree ”.
The above conviction of the defendant-petitioner of burglary in the Superior Court of Massachusetts admits the existence of all of the necessary elements required to constitute burglary in the third degree in this State. It is undoubtedly true that at the time the defendant-petitioner pleaded guilty to the above-mentioned indictment in Massachusetts charging burglary he was also by his plea of guilty to that indictment convicted of larceny, a misdemeanor. (Ann. L. of Massachusetts, ch. 266, § 30.) The crime of burglary to which the defendant-petitioner pleaded guilty on June 7, 1937 in the Superior Court, Massachusetts, would have been a felony, namely burglary in the third degree, if the crime had been committed in this State.
There is no merit to the contention of the defendant-petitioner. The motion of the defendant-petitioner for a proceeding coram nobis to vacate the above-mentioned judgment of conviction and the request of the defendant-petitioner that he be returned to this court for a hearing is denied.
Ordered accordingly.