John J. Walsh, J.
Tbe petitioner, Dwigbt E. Newport, has made another application to this court for a proceeding in the nature of a writ of cor am nobis to vacate and set aside a judgment of conviction entered in this court on February 14, 1946, convicting the petitioner upon his plea of guilty to an indictment charging him with forgery in the second degree committed *320 as a fourth offense. He was sentenced to Attica State Prison for a term of not less than 15 years nor more than his natural life.
The petitioner again attacks one of his previous felony convictions— breaking and entering in the nighttime entered in the Superior Court, County of Hampshire, Massachusetts on June 7, 1937.
This is the fourth application for a writ of error coram nobis based upon the Massachusetts conviction. The two previous applications were denied and there appears to be no merit to this application.
The Massachusetts indictment charged that defendant “ in the night time, did break and enter a certain building, to wit, the dwelling house of one H. Newton Click situated in said Amherst with intent therein to commit larceny, and did steal therefrom money of the value of seventeen dollars and fifty cents of the property of said H. Newton Click” (Exhibit C attached to the affidavit of John M. Liddy, District Attorney, verified the 27th day of February, 1957 on a previous application. Oneida County Clerk’s Index No. 86626).
The minutes of the Superior Court of Massachusetts show that on June 7, 1937, the defendant-petitioner, “Defendant arraigned and pleads guilty. Defendant sentenced to the House of Correction for the term of one year” (Exhibit D, Oneida County Clerk’s Index No. 86626).
Defendant-petitioner was sentenced in the Oneida County Court in 1946.
In 1949, defendant filed an application for a writ of error in this court based on the claim that he was not represented by counsel when he pleaded guilty in Massachusetts. In a memorandum, dated September 30, 1949, Honorable Ezra Hanagan, then Oneida County Judge, denied the writ.
In 1953, defendant sued out a writ of habeas corpus in the United States District Court for the Western District of New York which writ was vacated on July 30, 1953 by Honorable Harold P. Burke, United States District Judge, who found that defendant “ has not exhausted available state remedies of Massachusetts to attack as invalid his Massachusetts conviction.”
In 1955, defendant-petitioner applied to this court for a writ of error on the ground that he pleaded guilty to a misdemeanor in Massachusetts — larceny (which would constitute a misdemeanor in New York State). In a carefully reasoned memorandum, Honorable Ezra Hanagan, Oneida County Judge, under date of December 13, 1955 denied the application (17 Misc 2d 965). This memorandum is controlling over this application.
*321 In 1956, defendant-petitioner again applied to this court for a writ of error coram nobis on the same ground as in 1949 and 1955. This application was denied in a memorandum.
In the instant application, the Massachusetts conviction is attacked on the following grounds:
(a) Defendant pleaded guilty to larceny only.
(b) The crime charged in Massachusetts was not of the grade of felony, hut a misdemeanor in Massachusetts.
(c) The crime charged in Massachusetts was a misdemeanor in New York State — unlawful entry.
The first contention is without merit having been previously denied by this court.
The second contention is without merit since the test is not whether the crime was a felony in Massachusetts but whether the crime alleged in Massachusetts upon which defendant pleaded would have been a felony if committed in New York State. (Penal Law, § 1942; People v. Denecke, 64 N. Y. S. 2d 460 [1946]; People ex rel. Munos v. Morhous, 268 App. Div. 1013 [1944].)
The third contention is likewise without merit. The crime of unlawful entry (Penal Law, § 405) applies only to those situations wherein a person enters a building, ‘£ under circumstances or in a manner not amounting to a burglary ”. As this-court said previously, “ The above conviction of the defendant-petitioner of burglary in the Superior Court of Massachusetts admits the existence of all of the necessary elements required to constitute burglary in the third degree in this State.” (17 Misc 2d 965, 967.)
The application for a writ of error coram nobis and for the assignment of counsel is denied. The District Attorney is hereby directed to prepare an order in accordance herewith and serve a copy thereof on the defendant-petitioner.