EDNA M. TRIPP, Respondent, v. MAUDE S. EDGBERT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Cortland County, entered in Cortland County Clerk's office January 12, 1944, upon a verdict of a jury and from an order denying defendant's motion to set aside the verdict and for a new trial. A conflict in the evidence presented a question of fact as to the formation of the contract sued upon. The evidence sustains the verdict. Judgment and order affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH C. SHEEHAN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Relator has attacked the legality of his imprisonment upon the ground that the commitment and judgment of conviction by virtue whereof he is detained did not issue from a competent tribunal of criminal jurisdiction, in that the indictment upon which he was presented to the jurisdiction of the court was not found or presented by a lawfully organized and existing Grand Jury in and for the County of Putnam. It appears that the Grand Jury which found the indictment in question, on August 9, 1940, was regularly impaneled at a duly appointed term of the Supreme Court in Putnam County on April 1, 1940. The presumption of the lawful continuance of the term of court which was necessary to the lawful constitution of the Grand Jury is not overcome by the seemingly fragmentary and irregular copies of the clerk's minutes respecting the prior adjournments of the term, upon which relator relies. There is naught to establish that, in fact, the Grand Jury had previously been discharged or that it had ceased to exist by reason of any sine die adjournment of the term. Order appealed from affirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS MUNOS, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Appeal from an order of the Supreme Court at Special Term for Washington County (Imrie, J.), which dismissed a writ of habeas corpus. The only issue is whether appellant is a fourth offender under the laws of the State of New York. He was sentenced as a fourth offender for the crime of attempted burglary, third degree. Previously he had been convicted in the State of New York of the crime of burglary, third degree, and carrying a concealed weapon after having been convicted of a crime. He also had been convicted in the State of Massachusetts for the theft of property valued at $87.50. In Massachusetts a theft of that amount constituted petit larceny; in this State, grand larceny, second degree and therefore a felony. Under section 1942 of the Penal Law appellant was a fourth offender inasmuch as the crime committed in Massachusetts, although a misdemeanor there, would have been a felony here at the date of its commission (*Matter of Emert* v. *Thorn*, 249 App. Div. 301; *People ex rel. Ackers* v. *Brophy*, 258 App. Div. 859). The manner of prosecution in Massachusetts is immaterial. Order affirmed, without costs. All concur, except Bliss, J., who dissents.