■ DOROTHEA K. MATTHEWS, Appellant, v. JOSEPH SCHUSHEIM, Also Known as JOSEPH MATTHEWS, et al., Respondents, et al., Defendants.— In a consolidated action, in which plaintiff seeks, *inter alia,* to set aside a separation agreement, plaintiff appeals from an order of the Supreme Court, Nassau County, entered August 5, 1963, which denied her motion to disqualify defendants' attorney, Ward R. Burns, Esq., from representing the defendants-respondents and from participating in this action. Order affirmed, with $10 costs and disbursements. No opinion. [For related appeal, see *Matter of Matthews* v. *Matthews,* 11 A D 2d 813.] Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MITCHELL HARVEY EVANS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered March 5, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered March 7, 1956 after a jury trial, convicting him of carrying a dangerous weapon as a felony, and imposing sentence upon him as a second felony offender. Order affirmed. It is conceded that defendant was convicted of aggravated assault and battery in Pennsylvania on January 29, 1954. The Pennsylvania statute defining that crime is substantially, if not exactly, the same as the statute in this State defining the crime of assault in the second degree (Penal Law, § 242, subd. 3). Regardless of the fact that the Pennsylvania statute has labeled the crime a misdemeanor, since the crime if committed in this State would be a felony, the defendant was properly sentenced as a second felony offender (*People ex rel. Munos* v. *Morhous,* 268 App. Div. 1013; *People* v. *Daiboch,* 265 N. Y. 125; *People ex rel. Evans* v. *Denno,* 13 Misc 2d 177). Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GELLIS, Appellant.— Appeal by defendant from three separate judgments of the County Court, Nassau County, rendered June 22, 1962 on his pleas of guilty to three separate indictments, convicting him of grand larceny in the second degree and attempted forgery in the second degree, and sentencing him as a second felony offender to serve consecutive terms of 5 to 10 years upon each conviction. Judgments affirmed. Defendant contends that the imposition of such consecutive terms of imprisonment constituted excessive punishment and that the sentences should be reduced to the time he has already served. We find nothing in the record which would warrant a reduction of the sentences imposed upon defendant as a prior felony offender. Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.