■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERT WILLIAMS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, dated November 18, 1957, which denied without a hearing his application to vacate a judgment of said court, rendered June 9, 1953 on his plea of guilty, convicting him of

manslaughter in the second degree, and imposing sentence upon him as a third felony offender. Order affirmed. The sentencing of defendant as a third felony offender was predicated on a prior 1935 Florida conviction for assault with intent to commit manslaughter, and a prior 1949 New Jersey conviction for atrocious assault and battery. Defendant contends that the New Jersey conviction was not "of a crime which, if committed within this state, would be a felony" and therefore said conviction should not have been used as a basis for his sentence as a third felony offender (Penal Law, § 1941). The State of New Jersey defines "atrocious assault and battery" as "an assault and battery, savage and cruel in character, which results in a maiming or wounding" (N. J. S. 2A:90–1; *State* v. *Capawanna*, 118 N. J. L. 429, 431, affd. 119 N. J. L. 337). In New Jersey, assault and battery require a willful act done under circumstances that render likely the infliction of an injury such as that which actually resulted from the act (*State* v. *Schutte*, 87 N. J. L. 15, affd. 88 N. J. L. 396). Just as in simple assault, New Jersey requires an intent, not merely to injure, but to "inflict *the* injury" (*People* v. *Staw*, 97 N. J. L. 349), so in atrocious assault there must necessarily be an intent to "inflict the atrocious injury". This would make it comparable to the felony of assault in the second degree in New York, which also requires proof of a specific felonious intent (*People* v. *Katz*, 290 N. Y. 361; Penal Law, § 242, subd. 3). In our opinion, "atrocious assault and battery" in New Jersey is also comparable to "aggravated assault" at common law which required a specific felonious intent (*People* v. *Katz*, *supra*, p. 365). Beldock, P. J., Ughetta and Christ, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the order on the law and to remit the matter to the Criminal Term, Supreme Court, Kings County, for the resentencing of defendant as a second felony offender, with the following memorandum by Brennan, J., in which Hopkins, J., concurs: The New Jersey indictment charged that the defendant "did commit an atrocious assault and battery" upon the victim by "wounding him upon the neck and body with a knife contrary to the provisions of N. J. S. 2:110–1". The indictment was based on a violation of R. S. 2:110–1 (now N. J. S. 2A:90–1), which provided that "Any person who shall commit an atrocious assault and battery by maiming or wounding another is guilty of a high misdemeanor." The statute has been defined as meaning "that an assault and battery, savage and cruel in character, which results in a maiming or wounding, amounts to an atrocious assault and battery. * * * There is nothing in the statute, *supra*, requiring that the maiming or wounding must be accomplished by the use of a weapon or implement" (*State* v. *Capawanna*, 118 N. J. L. 429, 431, affd. 119 N. J. L. 337). The nature of the act is of paramount importance in determining whether the crime has been committted. The statute penalizes the vicious act rather than the defendant's evil purpose (*State* v. *Edwards*, 28 N. J. 292; *State* v. *Maier*, 13 N. J. 235; *State* v. *Riley*, 28 N. J. 188), and apparently only a general intent to inflict injury is necessary (cf. *State* v. *Chiarello*, 69 N. J. Super. 479; *State* v. *Staw*, 97 N. J. L. 349). For the purposes involved herein, the reference in the New Jersey indictment to a knife is immaterial and surplusage (*People* v. *Olah*, 300 N. Y. 96). Therefore subdivision 4 of section 242 of the Penal Law, which provides that a person who "Wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm" is guilty of assault in the second degree, is not applicable. Subdivision 3 of section 242 of the Penal Law which provides that a person, who "Wilfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon", is guilty of assault in the second degree (a felony), is applicable. Proof of specific intent to inflict grievous bodily harm on the victim is an

essential element of the comparable crime specified in this statute (Penal Law, § 242, subd. 3). The requirement as to intent is co-extensive with the act prohibited (*People* v. *Katz*, 290 N. Y. 361; *People* v. *Hull*, 12 A D 2d 815; *People* v. *Wood*, 10 A D 2d 231). Accordingly, it is our view that defendant's conviction in New Jersey was not for a crime which would be a felony if committed in this State, and that said conviction should not have been used as a basis for defendant's sentence as a third felony offender (Penal Law, § 1941; *People* v. *Olah, supra*).