Michael L. MARTIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–722.

Court of Appeals of Alaska.

Sept. 6, 1985.

Allan Beiswenger, Robinson & Beiswenger, Soldotna, for appellant.

James L. Hanley, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Michael L. Martin pled *nolo contendere* to burglary in the second degree, in violation of AS 11.46.310, a class C felony. Superior Court Judge Charles K. Cranston sentenced Martin, a third felony offender, to a term of five years, of which two years were suspended. Martin appeals his sentence, contending that the court erred in finding prior convictions under AS 12.55.-145(a)(2) and in finding an aggravating factor.

Martin contends that a 1983 Oklahoma conviction for felony escape while on work release from a Department of Corrections treatment facility is not a prior conviction for purposes of presumptive sentencing. He argues that the statute under which he was convicted, Okla.Stat. tit. 21 § 435, did

not have elements similar to those of a felony defined as such under Alaska law at the time the offense was committed. AS 12.55.145(a)(2). Judge Cranston found that the Oklahoma escape statute did have elements "substantially similar" to AS 11.56.-310, a class B felony.[1]

 Judge Cranston did not err in finding that the elements were substantially similar. *See Wells v. State*, 687 P.2d 346, 351 (Alaska App.1984). Martin is incorrect in his assertion that the Alaska statute does not apply to escapes other than from a penitentiary. AS 11.56.310(1) proscribes escape either from a "correctional facility" or from "official detention for a felony or for extradition." "Detention" is defined as "custody, arrest, surrender in lieu of arrest, or confinement under an order of a court in a criminal or juvenile proceeding, other than an order of conditional bail release." AS 11.81.900(b)(34). *Cf. Beckman v. State*, 689 P.2d 500 (Alaska App.1984) (defendant did not escape from "official detention" when he ran away from drug treatment facility because the court had not ordered him confined there). Although there are differences between the elements of the Oklahoma and Alaska statutes, those differences render the Oklahoma statute more restrictive than the Alaska statute. Accordingly, while it appears that there may be some cases where a defendant convicted under the Alaska statute would not be convicted under the Oklahoma law, the converse is not true: any offender who could be convicted under the Oklahoma law would be subject to conviction under the elements of the Alaska statute as well. Under these circumstances, any differences between the legislative schemes will not preclude a finding of substantial similarity. Martin was properly sentenced as a third-felony offender.

 Martin also challenges Judge Cranston's finding that Martin's conduct was among the "most serious conduct included in the definition of the offense," AS 12.55.-155(c)(10), an aggravating factor which allowed for a sentence exceeding the presumptive three years' imprisonment. AS 12.55.125(e)(2). In this case, Martin broke through the bay door of a commercial garage in Kenai using a forklift, which he drove without permission. He caused $2,771 in damage. Once inside the building, Martin broke into an office and took the keys to a tractor-trailer, which was parked in the garage. The vehicle was valued at approximately $125,000. He drove the tractor-trailer from Kenai to Anchorage, where he abandoned it. Martin argues that because he was convicted only of burglary, the court could not properly consider the amount of damage caused to the building, the value of the tractor-trailer, and the fact of its use and abandonment as circumstances constituting the "most serious conduct" for burglary in the second degree.

We find Martin's argument to be without merit. The sentencing court was entitled to consider the totality of the circumstances surrounding Martin's offense in determining the seriousness of his conduct. Judge Cranston did not clearly err in finding that this factor was proved by clear and convincing evidence. *Juneby v. State*, 641 P.2d 823 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983). Martin's sentence is AFFIRMED.

---

1. Martin was convicted for violating Oklahoma Statute title 21, section 435 which provided:

 Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two (2) years....

 Alaska Statute 11.56.310 provides in pertinent part:

 One commits the crime of escape in the second degree if, without lawful authority, one (1) removes oneself from
 (A) a correctional facility while under official detention; or
 (B) official detention for a felony or for extradition.
 *See also* AS 11.81.900(b)(7) and (34) (subsections defining "correctional facility" and "official detention").