**Douglas E. BURNETTE, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. 1187.**

Court of Appeals of Alaska.

Dec. 20, 1991.

Michael B. Logue, Gorton & Oberly, Anchorage, for appellant.

Cesar O. Velasquez, Asst. Mun. Prosecutor, James F. Wolf, Mun. Prosecutor, and Richard McVeigh, Mun. Atty., Anchorage, for appellee.

---

Before BRYNER, C.J., and MANNHEIMER, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

Douglas E. Burnette pled no contest and was convicted of driving while intoxicated (DWI), in violation of Anchorage Municipal Code (AMC) § 09.28.020A. Because he had previously been convicted of DWI in Oregon in 1987, Burnette was sentenced as a second-time DWI offender. District Court Judge Glen C. Anderson imposed a sentence of 90 days with 70 days suspended and a $1,000 fine with $500 suspended. The 20 days Burnette was sentenced to serve and the $500 unsuspended portion of the fine coincide with the mandatory minimum penalties for second-time DWI offenders set forth in AMC § 09.28.020C.

Burnette argues that the court erred in sentencing him as a second offender based on his Oregon DWI conviction. The court imposed its sentence pursuant to the authority of AMC § 09.28.020C, which provided at the time of Burnette's sentencing:

Upon conviction under this section, the court shall impose a minimum sentence of:

. . . .

2. Imprisonment not less than 20 consecutive days and a fine of not less than $500.00 if, within the preceding 10 years, the person has been previously convicted once in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032, AMC 9.28.022 or another law or ordinance with substantially similar elements.[1]

■ Burnette argues that his 1987 Oregon DWI should not have been treated as a previous conviction under AMC § 09.28.020C, because the elements set forth in the Oregon DWI statute are not substantially similar to those set forth in AMC § 09.28.020B. We agree, and accordingly reverse Burnette's sentence.

AMC § 09.28.020B provides:

A person commits the crime of driving while intoxicated if he or she operates, drives or is in actual physical control of a motor vehicle or operates an aircraft or a watercraft:

1. while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 11.71.140–.190; or

2. when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.10% or more by weight of alcohol in the person's blood or 100 milligrams or more of alcohol per 100 milliliters of blood, or when there is 0.10 gram or more of alcohol per 210 liters of the person's breath; or

3. while the person is under the combined influence of intoxicating liquor and a drug or drugs, or intoxicating liquor and another substance that when introduced into the body acts as a central nervous system depressant or stimulant, to a degree which renders the person incapable of driving safely; or

4. while the person is under the influence of a drug or drugs, or another substance that when introduced into the body acts as a central nervous system depressant or stimulant, to a degree which renders the person incapable of driving safely.

The corresponding Oregon statute, ORS 813.010, provides in relevant part:

(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. This section of the Municipal Code has since been amended, but there are no substantive changes to the ordinance's provision for the mandatory minimum sentence for second time DWI offenders.

breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

(b) Is under the influence of intoxicating liquor or a controlled substance; or

(c) Is under the influence of intoxicating liquor and a controlled substance.

The parties' dispute as to the similarity of the elements set forth in these two provisions centers on the blood alcohol percentages set forth in AMC § 09.28.020(B)(2) and ORS 813.010(1)(a). The district court, although conceding that it was "a close question," found that the elements of the two offenses were substantially similar.

When determining whether a conviction from another jurisdiction is to be treated as a prior conviction for purposes of sentencing under Alaska law, the focus is not on the facts underlying the prior conviction, but rather on the language of the statute defining the offense. *Walsh v. State*, 677 P.2d 912, 915 (Alaska App. 1984).[2]

We have not previously interpreted the statutory phrase "substantially similar elements," which appears in both AMC § 09.28.020 and the corresponding state DWI statute, AS 28.35.030. However, we have applied the "substantially similar elements" standard in the context of Alaska's felony presumptive sentencing scheme. In *Martin v. State*, 704 P.2d 1341 (Alaska App.1985), we upheld the superior court's decision to treat Martin as a third-time felony offender for purposes of presumptive sentencing. Martin had argued that the Oklahoma statute under which he had been convicted for felony escape so differed from Alaska's felony escape statute that his Oklahoma conviction should not have been considered for presumptive sentencing purposes. AS 12.55.145(a)(2) provides:

A conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense

was committed is considered a prior felony conviction[.]

We agreed with the superior court in *Martin* that the standard to be applied under this statute was whether the elements of the prior offense were "substantially similar" to those of an Alaska felony. *Martin*, 704 P.2d at 1342. In that case, we rejected Martin's argument that Alaska's escape statute was more narrowly drawn than the Oklahoma escape statute. We held:

Although there are differences between the elements of the Oklahoma and Alaska statutes, those differences render the Oklahoma statute more restrictive than the Alaska statute. Accordingly, while it appears that there may be some cases where a defendant convicted under the Alaska statute would not be convicted under the Oklahoma law, the converse is not true: any offender who could be convicted under the Oklahoma law would be subject to conviction under the elements of the Alaska statute as well. Under these circumstances, any differences between the legislative schemes will not preclude a finding of substantial similarity.

*Id.* at 1342.

Here, we are faced with the converse of the situation presented in *Martin*. The Oregon DWI statute is less restrictive than the Anchorage ordinance. Under such circumstances, we have held that the earlier conviction cannot be treated as a prior conviction for purposes of enhanced or presumptive sentencing. *See Harlow v. State*, 820 P.2d 307 (Alaska App.1991) (Oregon felony conviction for "unauthorized use of a vehicle" is not a prior felony conviction for presumptive sentencing purposes, because unlike Alaska's felony joyriding statute, Oregon's statute does not require the state to prove that the defendant has been previously convicted of joyriding); *Garroutte v. State*, 683 P.2d 262 (Alaska App. 1984) (prior conviction under former Alaska statute which penalized receiving and con-

---

**2.** The record indicates that the chemical test result underlying Burnette's plea of guilty to DWI charges in Oregon showed his blood alcohol level at the time of the offense to be .09 percent. Judge Anderson estimated that the

likelihood of a DWI conviction in Alaska with a .09 blood alcohol test result was "slim indeed." However, Judge Anderson recognized that the factual basis for the Oregon conviction was not the proper focus of his inquiry.

cealing stolen property as a felony, did not qualify as a prior felony conviction for presumptive sentencing purposes because the former statute did not require proof of the value of the stolen property, whereas the current statute provided for a $500 jurisdictional minimum for felony theft convictions); *Walsh v. State*, 677 P.2d 912 (Alaska App.1984) (New York felony grand larceny conviction for theft of property valued at more than $50 but not exceeding $500 could not be used as prior felony conviction for presumptive sentencing purposes because of Alaska's $500 jurisdictional minimum for felony theft convictions); *Lee v. State*, 673 P.2d 892 (Alaska App.1983) (grand larceny conviction under former Alaska statute making theft of property valued in excess of $100 a felony could not be considered a prior felony conviction due to current $500 minimum for felony theft convictions).

All of these cases but *Harlow* were decided under former AS 12.55.145(a)(2), which provided in part:

> a conviction in this or another jurisdiction of an offense having elements substantially identical to those of a felony defined as such under Alaska law is considered a prior felony conviction[.]

Although the term "substantially identical" is somewhat narrower than "substantially similar," this distinction does not dilute the authority of *Garroutte, Walsh*, and *Lee* here. The reasoning in all three opinions extends beyond the narrow confines of the term "substantially identical." *See Harlow*, 820 P.2d at 309, in which we relied on *Garroutte*, despite the fact that it had been decided under the former statute.

Burnette's plea of guilty to DWI charges in Oregon signified only his expectation that the state could meet its burden to prove that his blood alcohol level at the time he was driving was .08 percent or more. It would be as unfair under the "substantially similar" standard as under the "substantially identical" standard to construe his plea as an admission that he was guilty of the offense of driving with a blood alcohol level of .10 percent or more.

The municipality attempts to distinguish this case from *Garroutte, Lee*, and *Walsh*, all of which involve prior convictions for theft. The municipality argues that, unlike Alaska's felony theft statutes, the Anchorage DWI ordinance contains no "value element." The municipality's position appears to be that a .10 percent blood alcohol content is not an element of the offense of DWI under the Anchorage statute because it is possible to be convicted of DWI under the statute with a blood alcohol reading of less than .10 percent. We are not persuaded by this argument. The .10 percent blood alcohol level specified in AMC § 09.-28.020(b)(2) is an element of the offense of DWI under that ordinance. The fact that it is one of several alternative elements does not mean that it is not an element of the offense. The same is true of the .08 percent blood alcohol level specified in ORS 813.010(1)(a).

All the State of Oregon would have had to prove to obtain a DWI conviction under its statute was that Burnette drove with a blood alcohol content of .08 percent or greater. From the record in this case, it appears that it was in anticipation of the State of Oregon's ability to prove this fact that Burnette entered his plea of guilty to DWI. The result we reach might be different if the municipality had established before the district court that Burnette's Oregon DWI conviction was based on an "under the influence" theory rather than on his blood alcohol content.[3] However, in this case the record indicates only that Burnette had a chemical test result of .09 percent blood alcohol content and pled guilty to DWI. There is no indication that the State of Oregon presented or would have been able to present any evidence that Burnette was "under the influence" of intoxicating liquor or a controlled substance. Under these circumstances, we cannot conclude that the .08 percent blood alcohol content specified in ORS 813.010(1)(a) was not an element of the DWI offense of

---

3. *Cf.* AS 12.55.145(d) ("If the defendant introduces substantial evidence that ... a conviction should not be considered a prior felony conviction under (a)(2) of this section, then the burden is on the state to prove the contrary beyond a reasonable doubt.").

which Burnette was convicted in Oregon. We hold that this element is not substantially similar to the corresponding element in AMC § 09.28.020B. Consequently, we REVERSE Burnette's sentence and remand this case to the district court for resentencing of Burnette as a first time DWI offender.[4]

---

**4.** Although Burnette's Oregon conviction does not make him a second-time DWI offender in Alaska, that conviction is relevant to his sentence in this case. Burnette's Oregon conviction may properly be considered by the court in resentencing Burnette. *See e.g., Harlow v. State*, 820 P.2d at 309 n. 2; *Garroutte v. State*, 683 P.2d at 269.

