Calvin L. McGREW, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4835.

Court of Appeals of Alaska.

April 8, 1994.

Nelson Traverso, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.*

## OPINION

MANNHEIMER, Judge.

Calvin L. McGrew, who was indicted under the name "Darrel L. Poindexter" before his true name was discovered, was charged by a Fairbanks grand jury with two counts of first-degree robbery, AS 11.41.500(a)(1), one count of second-degree escape, AS 11.56.-310(a)(1)(B), and one count of second-degree theft, AS 11.46.130(a)(1). These charges arose from an episode near Nenana: McGrew and his companions robbed Donald and Jacqueline Boschert, a husband and wife who had offered aid to McGrew and his companions following a car crash. McGrew ultimately pleaded no contest to one of the robbery counts—the count charging the taking of property from Donald Boschert. McGrew also pleaded no contest to the escape and theft counts. In exchange, the State dismissed the robbery count that charged the taking of property from Jacqueline Boschert.

In his appeal to this court, McGrew challenges the legality of the 7–year sentence he received for robbery. Superior Court Judge Jay Hodges ruled that McGrew was subject to a 7–year presumptive term under AS 12.-55.125(c)(2) because McGrew held a knife to Mrs. Boschert during the robbery. McGrew contests this ruling; he asserts that he was subject to only a 5–year presumptive term.

First-degree robbery is a class A felony, AS 11.41.500(b), and McGrew was a first

---

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

felony offender. The pertinent sentencing statute, AS 12.55.125(c), provides:

> (c) A defendant convicted of a class A felony may be sentenced to a definite term of imprisonment of not more than 20 years, and shall be sentenced to the following presumptive terms ...:
>
> (1) if the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, five years;
>
> (2) if ... the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, ... seven years[.]

McGrew notes that he pleaded no contest to the count involving Donald Boschert, and there was no proof that he ever used a weapon against Donald Boschert. Therefore, McGrew contends, the fact that he used a weapon against Jacqueline Boschert can not, as a legal matter, serve as a basis for applying the 7–year presumptive term under subsection (c)(2). McGrew asserts that his sentencing was governed by subsection (c)(1), he was subject to only a 5–year presumptive term, and he must be resentenced.

■ McGrew stands convicted of robbery for taking property from Donald Boschert. The enhanced presumptive term specified in AS 12.55.125(c)(2) governs McGrew's sentencing only if McGrew personally "used a dangerous instrument ... during the commission of [this] offense".[1] Judge Hodges found that McGrew personally used a knife against Jacqueline Boschert, but not against her husband Donald. Thus, the legal question presented by this appeal is whether McGrew's use of the knife against Mrs. Boschert qualifies as the use of a dangerous weapon during the robbery of her husband.

■ The definition of robbery is found in AS 11.41.510(a), which reads:

> A [defendant] commits the crime of robbery ... if, in the course of taking or attempting to take property from the immediate presence and control of another, the [defendant] uses or threatens the immediate use of force upon any person with intent to
>
> (1) prevent or overcome resistance to the taking of the property or the retention of the property after taking; or
>
> (2) compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

Under this statute, the crime of robbery is committed, not only when a defendant uses force upon the person who possesses the property, but whenever a defendant uses force upon *any* person with the intent to prevent or overcome anyone's resistance to the taking, or to compel any person to engage in conduct that might facilitate the taking. Thus, if McGrew used force or threatened to use force against Jacqueline Boschert with the intent of preventing or overcoming resistance to the taking of property from Donald Boschert, he committed robbery. And if, as Judge Hodges found, McGrew used a knife against Jacqueline Boschert for these purposes, then McGrew "used a dangerous instrument ... during the commission of the offense" as required by AS 12.55.125(c)(2).[2]

We note (although it is not strictly necessary to our decision of the legal issue raised in this appeal) that the count of the indictment to which McGrew pleaded no contest is worded in a manner that embodies this construction of the statute, giving McGrew notice of the State's theory of the offense:

THE GRAND JURY CHARGES:

1. See *Dailey v. State*, 675 P.2d 657, 661–62 (Alaska App.1984), in which this court held that, even though a defendant can be convicted of armed robbery based on an accomplice's use or possession of a firearm, the enhanced presumptive term provided in subsection (c)(2) applies to the defendant's sentencing only if the defendant personally used or possessed the firearm.

2. Compare *Bowell v. State*, 728 P.2d 1220, 1225–26 (Alaska App.1986), *overruled on other grounds*, *Echols v. State*, 818 P.2d 691 (Alaska App.1991), where this court held that when, during the commission of a sexual assault, an accomplice furnished a firearm to his principal so that the principal could intimidate the victim of the assault, the accomplice was properly found to have personally possessed the firearm for purposes of imposing the enhanced presumptive term.

That on or about the 21st day of September, 1991, at or near Nenana ..., [Calvin L. McGrew], in the course of taking or attempting to take property ... from the immediate presence and control of Donald Boschert, used or threatened the immediate use of force upon him and/or Jacqueline Boschert with intent to prevent or overcome resistance to the taking of the property, or retention of the property after taking[.]

McGrew's use of a knife against Jacqueline Boschert for the purpose of facilitating the taking of property from her husband falls squarely within the grand jury's charge.

The judgement of the superior court is AFFIRMED.

BRYNER, C.J., not participating.