Daniel BORJA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4891.

Court of Appeals of Alaska.

Dec. 16, 1994.

---

**1312**

Leslie A. Hiebert, Asst. Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for appellant.

John J. Novak, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Daniel Borja appeals the sentence he received for fourth-degree misconduct involving a controlled substance (possession of cocaine), AS 11.71.040(a)(3)(A). The issue is whether Borja was a second-felony offender for presumptive sentencing purposes.

Before he committed the present offense, Borja was convicted in California of being an accessory to robbery (driving the getaway car). *See* California Penal Code § 32 (accessory after the fact to a felony) and § 211 (robbery). Under California law, Borja's crime was a misdemeanor, punishable by a term of imprisonment not exceeding one year. *See* California Penal Code § 33. However, the superior court ruled that Borja's California offense had elements substantially similar to the Alaska felony offense of hindering prosecution in the first degree, AS 11.56.770. The superior court therefore ruled that Borja's California offense should be considered a prior felony for purposes of presumptive sentencing under AS 12.55.145(a)(2), which reads:

> For purposes of considering prior convictions in imposing sentence under [presumptive sentencing,]
>
> (2) a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction[.]

Borja challenges this ruling on appeal. Borja does not challenge the similarity of California's and Alaska's definitions of robbery, but he does assert that California's offense of being an accessory to a felony, California Penal Code § 32, is not sufficiently similar to Alaska's offense of first-degree hindering prosecution, AS 11.56.770(a)–(b).

■ Borja first argues that, even if the elements of the California offense were identical to the elements of the Alaska felony, no offense classified as a misdemeanor in California (or any other state) can qualify as a prior felony under AS 12.55.145(a)(2). This question was left undecided by this court's decision in *Wells v. State*, 687 P.2d 346, 352 n. 5 (Alaska App.1984).[1]

Borja's argument is inconsistent with the wording of AS 12.55.145(a)(2). In the con-

---

1. *Wells* dealt with the prior version of AS 12.55.145(a)(2), which required that the elements of the out-of-state offense be "substantially identical" to those of an Alaska felony. However, for purposes of the issue presented in this appeal, the pertinent statutory language ("a conviction in this or another jurisdiction of *an offense* ...") is the same in both versions of the statute.

text of crimes committed in other states, this statute requires proof that the defendant has been convicted of an out-of-state "offense", but the statute does not specify that this offense be classified as a felony in that other state. Rather, the statute requires that this out-of-state offense have "elements similar to those of [an Alaska] felony". That is, the statute requires that Alaska's corresponding offense be classified as a felony, but the defendant's crime in the other state can be any "offense".

This court has previously held that, even if another state classifies conduct as a felony, it is Alaska's view of that conduct which governs the use of the defendant's prior conviction in Alaska sentencing proceedings. For example, in *Mancini v. State*, 841 P.2d 184 (Alaska App.1992), this court held that what constitutes a "prior felony" for purposes of aggravating factor AS 12.55.155(c)(15) (a defendant having three or more prior felonies) must be defined by AS 12.55.145(a)(2). That is, a felony conviction in another state will not be a "prior felony" if that same conduct would be a misdemeanor in Alaska.

Several cases from other jurisdictions have addressed the converse situation—the situation where the defendant's prior offense was a misdemeanor in the state where it was committed, but the offense would have been a felony if committed in the state where the defendant is now being sentenced. These cases are collected in the Annotation, *Determination of Character of Former Crime as a Felony so as to Warrant Punishment of an Accused as a Second Offender*, 19 A.L.R.2d 227 (1951), §§ 3, 4, & 17, and in the later cases supplementing this annotation. Most of these cases turn upon the particular wording of their state statutes. However, the courts generally rule that the defendant's status is governed by how the prior offense would have been classified under the laws of the state in which the defendant is now being sentenced. The fact that the defendant's crime was a misdemeanor in the other state is irrelevant if that crime would have been a felony in the sentencing state. *People v. Stein*, 31 Cal.2d 630, 191 P.2d 409, 412 (1948);

*People v. Dabney*, 250 Cal.App.2d 933, 59 Cal.Rptr. 243, 253 (1967), *cert. denied* 390 U.S. 911, 88 S.Ct. 838, 19 L.Ed.2d 882; *People v. Williams*, 22 A.D.2d 805, 254 N.Y.S.2d 193, 194 (1964), *aff'd* 16 N.Y.2d 665, 261 N.Y.S.2d 295, 209 N.E.2d 286 (1965); *People v. Evans*, 20 A.D.2d 671, 246 N.Y.S.2d 953, 954 (1964); *People ex rel. Muños v. Morhous*, 268 A.D. 1013, 52 N.Y.S.2d 366, 367 (1944); *State v. Wait*, 8 Wash.App. 787, 9 Wash.App. 136, 509 P.2d 372, 375–76 (1973), *cert. denied* 415 U.S. 930, 94 S.Ct. 1440, 39 L.Ed.2d 488. *See also Galmore v. State*, 467 N.E.2d 1173, 1177 (Ind.1984) (under Indiana law defining a prior felony as any "conviction, in any jurisdiction ..., with respect to which a convicted person might have been imprisoned for more than one (1) year", the court held that it was irrelevant whether the other state classified the defendant's crime as a felony or a misdemeanor).

This rule comports with the wording of AS 12.55.145(a)(2), and it appears to comport with the policy of that statute as well. This court has held that the other state's classification of the defendant's crime is irrelevant if Alaska law would call that crime a misdemeanor. Conversely, even though the other state may classify the defendant's offense as a misdemeanor, we must nevertheless look to Alaska's classification of the defendant's offense to determine how the defendant's prior conviction will be treated in Alaska sentencing proceedings.

We hold that if the elements of a defendant's out-of-state offense are similar to the elements of an Alaska felony, it does not matter whether the other state classifies the defendant's crime as a felony or a misdemeanor. Thus, if the elements of Borja's California offense, being an accessory to a felony, are sufficiently similar to Alaska's felony offense of hindering prosecution in the first degree, then Borja's California offense will be considered a "prior felony" for Alaska sentencing purposes even though California classifies the crime as a misdemeanor.

■ Borja next argues that the elements defining his California offense are broader

than the elements of first-degree hindering prosecution, so that Borja might be guilty of being an accessory to robbery under California law without necessarily violating Alaska's hindering prosecution statute. Under California Penal Code § 32, a person is guilty of being an accessory to a felony when

> after a felony has been committed, [the person] harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof[.]

By comparison, under AS 11.56.770(a), a person commits the crime of hindering prosecution in the first degree if the person

> renders assistance to a person who has committed a crime punishable as a felony with intent to
>
> > (1) hinder the apprehension, prosecution, conviction, or punishment of that person; or
> >
> > (2) assist that person in profiting or benefiting from the commission of the crime.

Subsection (b) of this statute declares that a person "renders assistance" to a felon if the person

> (1) harbors or conceals the other person;
>
> (2) warns the other person of impending discovery or apprehension;
>
> (3) provides or aids in providing the other person with money, transportation, a dangerous instrument, a disguise, or other means of avoiding discovery or apprehension;
>
> (4) prevents or obstructs, by means of force, threat, or deception, anyone from performing an act which might aid in the discovery or apprehension of the other person;
>
> (5) suppresses by an act of concealment, alteration, or destruction physical evidence

which might aid in the discovery or apprehension of the other person; or

> (6) aids the other person in securing or protecting the proceeds of the crime.

Borja suggests that a person who impeded traffic with the intention of aiding a bank robber's escape would be guilty as an accessory to the robbery under California law but would not be guilty of hindering prosecution under Alaska law. However, it appears that such conduct is plausibly covered by subsections (b)(4) or (b)(6) of AS 11.56.770. Borja also suggests that a person who provided a felon with food (and who acted with the requisite intent of helping the felon escape arrest, trial, conviction or punishment) would be guilty as an accessory to the felony under California law but would not be guilty of hindering prosecution under Alaska law. Again, it appears that such conduct is plausibly covered by subsection (b)(3), since providing an escaping felon with food or other necessities would be analogous to providing the escaping felon with money. Thus, neither of Borja's suggested scenarios demonstrates an obvious inconsistency between the California offense and the Alaska offense. Moreover, even if it were possible to identify conduct that was clearly included within the California offense and clearly excluded from the Alaska offense, this would not necessarily be fatal to the superior court's ruling. AS 12.55.145(a)(2) does not require that the out-of-state offense be identical to an Alaska felony—only that its elements be "similar" to those of an Alaska felony. Implicit in this statutory wording is the possibility that there will be some acts covered by one statute that will not be covered by the other.

We therefore uphold the superior court's ruling that California's misdemeanor offense of being an accessory after the fact to a felony has "elements similar to" the Alaska felony of hindering prosecution in the first degree. Because we conclude, based solely on a comparison of the elements of the California and the Alaska offenses, that the superior court's decision was correct, we find it unnecessary to consider Borja's argument that the superior court erred in looking to

the specific facts of Borja's California offense rather than limiting its consideration to the statutory elements of that offense. *See Walsh v. State,* 677 P.2d 912, 915–16 (Alaska App.1984).

The judgement of the superior court is AFFIRMED.