**Donald Lee SCROGGINS, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–6512.**

Court of Appeals of Alaska.

Jan. 2, 1998.

---

Jill Jensen, Leutwyler, Brion & Associates, Anchorage, for Appellant.

Adrienne P. Bachman, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

### OPINION

COATS, Chief Judge.

Donald Lee Scroggins was convicted, based upon his plea of no contest, of attempted sexual abuse of a minor in the first degree, a class A felony. AS 11.41.434(a)(1); AS 11.31.100. Superior Court Judge Milton M. Souter determined that Scroggins was a second felony offender for purposes of pre-sumptive sentencing based upon Scroggins' 1982 California conviction for lewd or lascivious acts upon a child. California Penal Code § 288(a). Judge Souter found that two aggravating factors applied to Scroggins' sentence and imposed an aggravated presumptive sentence of fifteen years' imprisonment with three years suspended. Judge Souter placed Scroggins on probation for a period of ten years following his release from confinement. Scroggins appeals, arguing that his California conviction is not a prior felony conviction for purposes of presumptive sentencing. We agree and we therefore vacate Scroggins' sentence.

The resolution of this issue is governed by AS 12.55.145(a)(1)(B) which provides:

> For purposes of considering prior convictions in imposing sentence under [the presumptive sentencing statutes], a conviction in this or another jurisdiction of an offense having elements similar to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction[.]

Here, Scroggins concedes his California conviction, but he argues that the California offense is not similar enough to any felony under Alaska law. Whether an out-of-state conviction constitutes a prior felony for purposes of presumptive sentencing is a question of law, which this court reviews *de novo*. *See Borja v. State*, 886 P.2d 1311, 1313–14 (Alaska App.1994).

Scroggins was convicted in California of the crime of lewd or lascivious acts upon a child under the age of fourteen, for conduct committed on May 11, 1982. We therefore compare Alaska law as of May 11, 1982, with the California statute under which Scroggins was convicted, to determine whether the elements of the California offense are "similar" to any Alaska felony. *See* AS 12.55.145. California Penal Code § 288(a), under which Scroggins was convicted in 1982, provided:

> Any person who shall willfully and lewdly commit any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appeal-

ing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

Potentially similar felonies defined under Alaska law at the time the offense was committed include sexual abuse of a minor in the second degree, AS 11.41.436(a)(2) and (3), and unlawful exploita-tion of a minor, AS 11.41.455(a)(2)-(6). These offenses require proof of sexual contact.

In 1982, under former AS 11.81.900(b)(51), "sexual contact" meant

(A) the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast; or

(B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

In addition, this conduct must have been intended to result in either the sexual arousal or sexual gratification of the actor or of the victim. *See Flink v. State*, 683 P.2d 725, 733 (Alaska App.1984) (since superseded by statute).

As Scroggins points out, the California statute prohibits the touching of *any* body part of the child. *See People v. Martinez*, 11 Cal.4th 434, 45 Cal.Rptr.2d 905, 903 P.2d 1037 (1995) (prohibited touching need not be of intimate body part); *People v. Diaz*, 41 Cal.App.4th 1424, 49 Cal.Rptr.2d 252, 253–54 (1996) (touching of sexual organs not required; any part of the body may be the object of sexual fetish, and any touch, in fulfillment of such a fetish, is harmful to the child and prohibited by statute); *People v. Sharp*, 29 Cal.App.4th 1772, 36 Cal.Rptr.2d 117, 128–32 (1994) (defendant's acts of luring girl to fence, twirling the hair at the back of her neck around his index finger, rubbing girl's back, and telling her not to

tell her mother about the incident sufficient to support conviction); *People v. O'Connor*, 8 Cal.App.4th 941, 10 Cal.Rptr.2d 530, 533 (1992) (section 288 not restricted to genital touching). In contrast, the relevant Alaska statutes prohibit the touching or obscene exhibition of sexual organs: the child's, defendant's, or another person's genitals, anus, or female breast. Thus, the Alaska statutes' focus on the genitals, anus or female breast is considerably narrower than the California statute's prohibition against touching any body part.

■ In *Borja*, 886 P.2d at 1314, we stated:

AS 12.55.145(a)(2)[1] does not require that the out-of-state offense be identical to an Alaska felony—only that its elements be "similar" to those of an Alaska felony. Implicit in this statutory wording is the possibility that there will be some acts covered by one statute that will not be covered by the other.

In *Borja*, we found a sufficient degree of similarity between the California offense of being an accessory to a felony and the Alaska offense of first-degree hindering of prosecution to allow the California conviction to qualify as a prior felony conviction under AS 12.55.145(a)(2). *Id.* However, in the instant case, the fact that the California statute prohibits the touching of any body part of the child makes that element of the California statute apply to more conduct than is prohibited by the Alaska statute. We conclude that the elements of Scroggins' prior felony conviction for lewd or lascivious conduct toward a child are not sufficiently similar to the analogous Alaska felonies. Thus, Scroggins' California conviction does not qualify as a prior felony for presumptive sentencing purposes. We accordingly vacate Scroggins' sentence and remand the case to the superior court with directions to the court to sentence Scroggins as a first felony offender.[2]

---

1. Alaska Statute 12.55.145(a)(2) has been amended and renumbered. The current version of the statute is AS 12.55.145(a)(1)(B).

2. Even though Scroggins' prior California felony conviction does not qualify as a prior felony conviction for purposes of presumptive sentencing under AS 12.55.145, the sentencing court can

properly consider this prior conviction in resentencing him. *See, e.g., Burnette v. Municipality of Anchorage*, 823 P.2d 10, 14 n. 4 (Alaska App. 1991); *Harlow v. State*, 820 P.2d 307, 309 n. 2 (Alaska App.1991); *Garroutte v. State*, 683 P.2d 262, 269 (Alaska App.1984).

The case is REMANDED for resentencing.