**STATE of Alaska, Petitioner,**

v.

**Jesse R. DELAGARZA, Respondent.**

**No. A–7505.**

Court of Appeals of Alaska.

Sept. 15, 2000.

---

8. *Id.*

9. *Id.*

10. *See id.* at 138–42.

11. AS 44.62.500(c).

12. *See* Op. at 358.

13. *Wassink v. Hawkins,* 763 P.2d 971, 975 (Alaska 1988) (citation omitted).

14. *See* Op. at 357.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Leslie Hiebert, Assistant Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for Respondent.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *O P I N I O N*

STEWART, Judge.

This case requires us to decide if Jesse R. Delagarza's convictions on two Oregon criminal offenses, second-degree robbery [1] and first-degree burglary,[2] are "prior felony convictions" for purposes of presumptive sentencing under AS 12.55.125. Because the elements of each of these two offenses are similar to the elements of Alaska felonies, we conclude that they are "prior felony convictions."

### Facts and Proceedings

On October 8, 1995, Delagarza entered the Denny's Restaurant on Denali Street in Anchorage, approached an employee, and told her to "give me the money." He then said, "I have a .44 magnum in my pants and I can show you the gun." The employee opened the cash register and gave Delagarza approximately $600 in cash. As Delagarza left, the employee cried out for help. A few customers responded and tackled Delagarza before he could flee. Delagarza's handgun discharged during the struggle.

The Anchorage Police responded and seized $691 from Delagarza and a .44 magnum Colt revolver that was listed as a stolen firearm. Delagarza admitted that he had armed himself and decided to rob Denny's.

Delagarza reached a plea agreement with the State. In return for his waiver of indictment and for his no contest plea to an information charging first-degree robbery, a class A felony,[3] the State agreed to dismiss the other charges against Delagarza. The State alleged that Delagarza faced a presumptive sentence of 15 years under AS 12.55.125(c)(4) because Delagarza had two 1984 Oregon convictions for second-degree robbery. Delagarza also had a 1983 Oregon conviction for first-degree burglary and a 1985 Oregon conviction for second-degree burglary.[4]

Delagarza appeared before Superior Court Judge Elaine M. Andrews for sentencing. Judge Andrews found that four statutory aggravating factors from AS 12.55.155 applied to Delagarza's sentencing: (c)(1), a person other than an accomplice sustained physical injury as a result of defendant's conduct; (c)(9), Delagarza knew that the offense involved more than one victim; (c)(15), Delagarza had three or more prior felony convictions; and (c)(21), Delagarza had a criminal history of repeated violations of law similar in nature to robbery. Judge Andrews imposed an unadjusted 15–year presumptive term. Delagarza did not appeal his sentence.

In September of 1998, Delagarza filed an application for post-conviction relief under Criminal Rule 35.1 and requested that an attorney be appointed to represent him. Delagarza was assigned counsel.

Delagarza then filed a motion under Criminal Rule 35(a) [5] to vacate his sentence. Delagarza claimed that his sentence was illegal because the two 1984 Oregon second-degree robbery convictions could not be classified as prior felony convictions for purposes of presumptive sentencing. Delagarza also moved to stay his application for post-conviction relief pending the Rule 35(a) motion.

Judge Andrews granted the stay and ordered the State to respond to Delagarza's Rule 35(a) motion. The State argued that Delagarza's Oregon robbery convictions were prior convictions for purposes of presumptive sentencing because they were the equivalent of second-degree robbery in Alaska. The State also argued that Delagarza's 1983 Oregon first-degree burglary conviction and 1985 Oregon second-degree burglary conviction could be properly construed as prior felony convictions for the purposes of presumptive sentencing. Delagarza conceded only that his 1985 Oregon second-degree burglary conviction was a prior felony con-

---

**1.** Or.Rev.Stat. § 164.405(1).

**2.** Or.Rev.Stat. § 164.225(1).

**3.** *See* AS 11.41.500(b).

**4.** Or.Rev.Stat. § 164.215(1).

**5.** Alaska Rule of Criminal Procedure 35(a) provides: "**Correction of Sentence.** The court may correct an illegal sentence at any time."

viction for purposes of presumptive sentencing. Thus, Delagarza maintained that he was only a second-felony offender for presumptive sentencing and was subject to a presumptive 10–year sentence.[6]

In a July 19, 1999 written order, Judge Andrews examined the statutes at issue and ruled that neither Delagarza's two 1984 second-degree robbery convictions nor Delagarza's 1983 first-degree burglary conviction could be considered prior felony convictions for purposes of AS 12.55.155(c). Judge Andrews then ruled that Delagarza's 1985 Oregon second-degree burglary conviction made him a second-felony offender and invited the parties to brief the court on what steps should be taken regarding resentencing.

■ The State filed a petition for review of Judge Andrews' order. We granted the petition. The sole issue for our review is whether Delagarza's Oregon convictions for first-degree burglary and second-degree robbery qualify as felonies in Alaska for purposes of presumptive sentencing under AS 12.55.125(c). This issue presents a question of law that we review *de novo.*[7]

*Discussion*

Alaska Statute 12.55.145(a)(1)(B) applies when the State relies upon a conviction from another jurisdiction to trigger presumptive sentencing. This statute provides:

(a) For purposes of considering prior convictions in imposing sentence under

(1) AS 12.55.125(c), ...

(B) a conviction in this or another jurisdiction of an offense having elements *similar* to those of a felony defined as such under Alaska law at the time the offense was committed is considered a prior felony conviction[.][8]

In 1996, AS 12.55.145(a)(1)(B) replaced former AS 12.55.145(a)(2), which had provided:

(a) For purposes of considering prior convictions in imposing sentence under AS 12.55.125(c), ...

(2) a conviction in this or another jurisdiction of an offense having elements *substantially identical* to those of a felony defined as such under Alaska law is considered a prior felony conviction.[9]

In *Harlow v. State,*[10] we observed that the legislature's change from requiring that the elements of the out-of-state offense have elements that were "substantially identical" to a requirement that the elements be "similar," established a more inclusive test for determining which out-of-state crimes qualify as "prior felony convictions" for presumptive sentencing purposes.[11]

*Does first-degree burglary under Oregon law have elements similar to a felony under Alaska law?*

■ In *Wells v. State,*[12] we concluded that second-degree burglary under Oregon law had elements that were "substantially identical" to second-degree burglary under Alaska law.[13] Accordingly, second-degree burglary under Oregon law would necessarily satisfy the more inclusive test of "similar" elements under AS 12.55.145(a)(1)(B). And because Oregon's first-degree burglary statute requires proof of the elements of Oregon's second-degree burglary statute, the Oregon crime of first-degree burglary is necessarily similar to the Alaska felony of second-degree burglary.

A person commits first-degree burglary under Oregon Revised Statute (hereinafter ORS) 164.225 if:

the person violates ORS 164.215 [that is, commits second-degree burglary] and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: (a) Is

6. *See* AS 12.55.125(c)(3).

7. *See Scroggins v. State,* 951 P.2d 442, 443 (Alaska App.1998) (citing *Borja v. State,* 886 P.2d 1311, 1313–14 (Alaska App.1994)).

8. Emphasis added.

9. Emphasis added.

10. 820 P.2d 307 (Alaska App.1991).

11. *Id.* at 309.

12. 687 P.2d 346 (Alaska App.1984).

13. *Id.* at 351.

armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or (b) Causes or attempts to cause physical injury to any person; or (c) Uses or threatens to use a dangerous weapon.

In *Martin v. State*, the defendant pled no contest to second-degree burglary in violation of AS 11.46.310.[14] The superior court examined Martin's prior Oklahoma conviction for felony escape and found that the Oklahoma felony had elements "substantially similar" to AS 11.56.310 (second-degree escape), and that Martin could therefore be sentenced as a third-felony offender.[15] We held that the superior court did not err and stated:

> Although there are differences between the elements of the Oklahoma and Alaska statutes, those differences render the Oklahoma statute more restrictive than the Alaska statute. Accordingly, while it appears that there may be some cases where a defendant convicted under the Alaska statute would not be convicted under the Oklahoma law, the converse is not true: any offender who could be convicted under the Oklahoma law would be subject to conviction under the elements of the Alaska statute as well. *Under these circumstances, any differences between the legislative schemes will not preclude a finding of substantial similarity.*[16]

■ Under this analysis, an out-of-state conviction will be treated as a prior felony for purposes of presumptive sentencing if the elements of the out-of-state statute are more restrictive than the Alaska statute.[17] Oregon's first-degree burglary statute meets this test. In order to prove first-degree burglary in Oregon, the prosecution must prove all the elements of Oregon's second-degree burglary statute and the additional elements specified in the first-degree burglary statute. Any offender, like Delagarza, who is convicted of first-degree burglary in Oregon, would necessarily be convicted for second-degree burglary. We held in *Wells* that the elements of Oregon second-degree burglary were "substantially identical" to second-degree burglary in Alaska. Therefore, we conclude that the elements of Oregon's first-degree burglary are similar to an Alaska felony—second-degree burglary.

*Does second-degree robbery under Oregon law have elements similar to a felony under Alaska law?*

■ The State asserts that Delagarza's Oregon convictions for second-degree robbery are prior felony convictions for purposes of presumptive sentencing. The State argues that Oregon's second-degree robbery statute requires proof of the elements of Oregon's third-degree robbery statute, and the elements of Oregon's third-degree robbery statute are similar to Alaska's second-degree robbery statute.

Oregon's second-degree robbery statute, ORS 164.405, provides that a person commits that crime if "the person violates ORS 164.395 [that is, commits third-degree robbery] and the person (a) represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or (b) is aided by another person actually present." Oregon's third-degree robbery statute, ORS 164.395 provides that a person commits that crime if:

> in the course of committing or attempting to commit theft, the person uses or threatens the immediate use of physical force upon another person with the intent of: (a) preventing or overcoming resistance to the taking of the property or to retention of the property thereof immediately after the taking; or (b) compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

In Alaska, a person commits the crime of second-degree robbery if:

> in the course of taking or attempting to take property from the immediate presence and control of another, the person uses or threatens the immediate use of force upon any person with intent to (1)

---

14.   704 P.2d 1341 (Alaska App.1985).

15.   *Id.* at 1342.

16.   *Id.* (emphasis added).

17.   *Id.*

prevent or overcome resistance to the taking of the property or the retention of the property after taking; or (2) compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

On their face, each statute requires the prosecution to prove that a defendant used or threatened to use force on any person to overcome the resistance of any person to the theft or taking of property or to compel anyone to deliver the property or enable the theft or taking of the property.

Delagarza argues that the elements of third-degree robbery in Oregon are not similar to second-degree robbery in Alaska. Delagarza notes that the Oregon statute penalizes assaultive conduct "in the course of committing or attempting to commit theft" while Alaska's statute penalizes assaultive conduct "in the course of taking or attempting to take property."

■■■ Robbery is traditionally a combination of theft and assault.[18] Oregon's robbery statutes refer to the theft requirement as "theft," while Alaska's robbery statutes, which were derived from the Oregon robbery statutes,[19] refer to the theft requirement as "taking of property." Delagarza argues that the Oregon robbery statute is not similar because Oregon emphasizes the theft nature of the crime, whereas in Alaska, robbery is a crime against the person. However, this contention is not supported by Oregon case law. In *State v. Hall*,[20] the Oregon Court of Appeals reviewed the legislative history of their robbery statutes, and concluded that "it appears that the legislature intended that the assault aspect of the crime of robbery be dominant[.] ... We conclude that ... the distinctive aspect of robbery is the threat of violence to a person[.]"[21]

■■■ Delagarza also argues that the Oregon and Alaska statutes differ because Alaska's robbery statutes require that the property that is the subject of the robbery must be in the "immediate presence and control of another" whereas the Oregon statute does not contain that specific language. Because of this, Delagarza posits that in Oregon the property that is the subject of the robbery does not have to be anywhere near a person who is subjected to the element of force in a robbery. However, in *McGrew v. State*, this court interpreted the robbery statute and observed that a person commits robbery under AS 11.41.510 "whenever a defendant uses force upon *any* person with the intent to prevent or overcome anyone's resistance to the taking, or to compel any person to engage in conduct that might facilitate the taking."[22] This analysis of the Alaska robbery statute does not require that the property be in the presence of the person who is subjected to a defendant's force or threat of force. For instance, an assault on a bank guard standing outside a building would qualify as a robbery even though the robber's ultimate goal was a vault located one hundred yards away in the basement. Thus, we conclude that Delagarza has not shown that a defendant's conduct that could result in a conviction of third-degree robbery in Oregon would not also support a conviction of second-degree robbery in Alaska.

Even if there might be conduct that would be penalized by the Oregon statute, but not Alaska's, that does not prevent a conclusion that the elements of the Oregon statute are similar. In *Borja v. State*,[23] we examined whether the elements of a California offense were sufficiently similar to an Alaska felony for purposes of presumptive sentencing. In *Borja*, we analyzed that question under AS 12.55.145(a)(2), the predecessor to AS

**18.** *See* A.L.I., Model Penal Code and Commentaries Part 11 § 222.1, at 96–115 (1980).

**19.** *See* Alaska Criminal Code Revision, *Tentative Draft*, Part 2, p. 110.

**20.** 149 Or.App. 358, 942 P.2d 882 (1997), *reversed in part on other grounds*, 327 Or. 568, 966 P.2d 208 (1998).

**21.** *Id.* at 885.

**22.** 872 P.2d 625, 626 (Alaska App.1994).

**23.** 886 P.2d 1311 (Alaska App.1994).

12.55.145(a)(1)(B), the statute we apply here.[24] We observed as follows:

> Moreover, even if it were possible to identify conduct that was clearly included within the California offense and clearly excluded from the Alaska offense, this would not necessarily be fatal to the superior court's ruling. AS 12.55.145(a)(2) does not require that the out-of-state offense be identical to an Alaska felony—only that its elements be "similar" to those of an Alaska felony. Implicit in this statutory wording is the possibility that there will be some acts covered by one statute that will not be covered by the other.[25]

Therefore, we conclude that Oregon's third-degree robbery statute has elements similar to Alaska's second-degree robbery statute.

Delagarza was convicted of two counts of second-degree robbery in Oregon in violation of ORS 164.405. As noted above, that statute requires proof of the elements of third-degree robbery from ORS 164.395. Under the analysis from *Martin v. State* that we applied above, an out-of-state conviction is a prior felony for purposes of presumptive sentencing if the elements of the out-of-state offense are more restrictive than those of a corresponding Alaska felony.[26] Oregon's second-degree robbery statute satisfies this requirement. In order to prove second-degree robbery in Oregon, the prosecution must prove all the elements of Oregon's third-degree robbery statute and the additional and more restrictive elements specified in Oregon's second-degree robbery statute. Because Oregon's offense of third-degree robbery is similar to Alaska's offense of second-degree robbery, we conclude that Oregon's second-degree robbery statute has elements similar to an Alaska felony.

*Conclusion*

The order of the superior court granting Delagarza's Criminal Rule 35(a) motion is REVERSED.

---

**24.** *Id.* at 1312.

**25.** *Id.* at 1314.

**26.** *See Martin,* 704 P.2d at 1342.