NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter.*
*Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the*
*Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MICHAEL WAYNE PHILLIPS, | ) | |
| | ) | Court of Appeals No. A-11173 |
| Appellant, | ) | Trial Court No. 3AN-10-5982 CR |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STATE OF ALASKA, | ) | |
| | ) | |
| Appellee. | ) | No. 2420 — July 3, 2014 |
| | ) | |

Appeal from the Superior Court, Third Judicial District, Anchorage, David Stewart, Judge.

Appearances: Catherine Boruff, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

A jury convicted Michael Wayne Phillips of felony driving under the influence, a class C felony. Phillips's offense was a felony because he had two prior out-

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

of-state convictions for driving under the influence — a 2004 conviction in Texas and a 2007 conviction in California.

Phillips argues that his Texas conviction should not count as a prior conviction under Alaska law because the Texas statute under which he was convicted is not sufficiently similar to the Alaska statute. Phillips contends that the Texas statute criminalizes a much broader range of conduct than the Alaska statute because Alaska law prohibits driving while under the influence of "an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination,"[1] whereas Texas law prohibits driving while intoxicated by "*any* ... substance."[2]

For the reasons explained below, we conclude that the elements of the Texas statute are sufficiently similar to the Alaska statute for a person convicted under the Texas statute to be "previously convicted" under AS 28.35.030(u)(4)(A).

*Factual background and prior proceedings*

On June 2, 2010, the police received reports that a motorcyclist (later identified as Phillips) was driving recklessly on the Glenn Highway between Palmer and Anchorage. After stopping Phillips, the police discovered that he smelled of alcohol and had bloodshot and watery eyes. Phillips performed field sobriety tests, which he failed, and he submitted to a breath test, which showed a blood-alcohol content of .129 percent, well over the legal limit of .08 percent.

Because Phillips had two prior out-of-state DUI convictions — a 2004 Texas conviction and a 2007 California conviction — he was indicted for felony driving

---

[1] AS 28.35.030(a)(1).

[2] Tex. Penal Code Ann. § 49.01(2)(A) (emphasis added).

under the influence. Phillips moved to dismiss the indictment, arguing that Texas law recognizes a much broader range of potential intoxicating substances than Alaska law, and that the Texas statute was therefore not "similar" to the Alaska statute for purposes of establishing that he was "previously convicted" of driving under the influence under AS 28.35.030(u)(4)(A).

Superior Court Judge *pro tempore* David Stewart denied the motion to dismiss, concluding that "any arguable difference between Texas law and Alaska law would apply only to a narrow spectrum of unusual cases." The judge concluded that the Texas statute was sufficiently similar to Alaska's statute and that Phillips's 2004 Texas conviction therefore qualified as a prior conviction under Alaska law.

Following trial, a jury found Phillips guilty of felony driving under the influence. This appeal followed.

*To count as a prior conviction under Alaska law, an out-of-state conviction must have "similar" elements*

Under Alaska law, a person commits the offense of driving under the influence if the person "operates or drives a motor vehicle ... while under the influence of an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination" or, in the alternative, if the person has a blood- or breath-alcohol content of .08 percent within four hours of operating or driving a motor vehicle.[3] Driving under the influence is normally a class A misdemeanor.[4] The offense is elevated to a class C felony, however, if the defendant has been "previously convicted" two or

---

[3]    AS 28.35.030(a)(1), (2).

[4]    AS 28.35.030(b).

more times within the past ten years of either driving under the influence or refusing to submit to a chemical test.[5]

Under AS 28.35.030(u)(4)(A), the term "previously convicted" is defined to include a driving under the influence or refusal conviction from another jurisdiction if the offense has "similar elements" to the Alaska statute defining the offense.[6] Although the elements must be "similar" to the Alaska statute, they need not be identical; there may be "some acts covered by one statute that will not be covered by the other."[7]

The legislative history of the "previously convicted" provision underscores this point. Prior to 1995, AS 28.35.030 required the elements of the out-of-state DUI statute to be "substantially similar" to its Alaska counterpart. But following our decision in *Burnette v. Anchorage*,[8] the legislature deleted the word "substantially" from the statute. The statute now requires only "similar" elements.[9]

In *Burnette*, we held that the Oregon DUI statute, which prohibited driving with a blood alcohol level of .08 percent or higher, was not "substantially similar" to the Alaska DUI statute, which (at the time) prohibited driving with a blood alcohol level of .10 percent or higher. Because Burnette was convicted of DUI in Oregon under a theory that would not have required a similar conviction in Alaska, we held that his Oregon DUI

---

[5]  AS 28.35.030(n); AS 28.35.032(p).

[6]  AS 28.35.030(u)(4)(A).

[7]  *Borja v. State*, 886 P.2d 1311, 1314 (Alaska App. 1994) (applying this analysis for presumptive sentencing purposes); *see also State v. Simpson*, 53 P.3d 165, 170 (Alaska App. 2002) (using the *Borja* test for purposes of determining eligibility for a felony DUI).

[8]  823 P.2d 10 (Alaska App. 1991).

[9]  Ch. 80, § 6, SLA 1995.

conviction could not count as a "prior conviction" for purposes of making his Alaska offense a felony (although it could be considered at sentencing).[10]

In response to our decision in *Burnette*, the legislature amended AS 28.35.030 to delete the modifier "substantially" and to require only that the out-of-state statute be "similar" to the Alaska statute.[11] The legislature also added language specifically declaring that an out-of-state DUI conviction in a state with a lower blood alcohol limit qualified as a prior DUI conviction under Alaska law.[12]

Thus, when we assess whether an out-of-state DUI statute is sufficiently "similar" to Alaska's DUI statute under AS 28.35.030(u)(4)(A), we are mindful that the legislature intended this requirement to be construed broadly, and that out-of-state DUI convictions may qualify as prior convictions under Alaska law even if there are differences in how the other state defines the crime.

*Why we conclude that the Texas statute is similar to the Alaska statute even though it penalizes driving while intoxicated by "any substance"*

Texas law makes it a crime to be "intoxicated while operating a motor vehicle in a public place."[13] The Texas statute defines "intoxicated," in pertinent part, as "not having the normal use of mental or physical faculties by reason of the

---

[10] *See Burnette* 823 P.2d at 13-14.

[11] Ch. 80, § 6, SLA 1995.

[12] AS 28.35.030(u)(4)(A) ("operating a motor vehicle ... in violation of this section or in violation of another law or ordinance with similar elements, except that the other law or ordinance may provide for a lower level of alcohol in the person's blood or breath than imposed under (a)(2) of this section[.]"); ch. 80, § 6, SLA 1995.

[13] Tex. Penal Code Ann. § 49.04(a).

5                                                              2420

introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body[.]"[14]

In Alaska, by contrast, a person may only be convicted for operating or driving under the influence of "an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination[.]"[15] A "controlled substance" means any substance defined as a controlled substance under Alaska or federal law.[16]

Phillips argues that the Texas and Alaska statutes are not similar — and that his Texas conviction therefore cannot be relied on to convict him of a felony — because in Texas a person can be convicted of driving while intoxicated by "any substance," while in Alaska a person must be under the influence of specific substances: mainly, alcohol and controlled substances.

We agree that the phrase "any other substance" in the Texas statute potentially encompasses a wide range of intoxicants. Under this statute, individuals could potentially be prosecuted for driving under the influence of non-controlled substance prescription medication, over-the-counter cold and allergy medications, nonprescription sleep aids, food, or nonalcoholic beverages. As one Texas judge opined, the statute theoretically could support a prosecution for driving under the influence of M&Ms.[17]

But it does not necessarily follow from the broad reach of the Texas statute that a Texas DWI conviction cannot qualify as a "prior conviction" under

---

[14] Tex. Penal Code Ann. § 49.01(2)(A).

[15] AS 28.35.030(a)(1).

[16] AS 28.35.039(2); AS 28.33.190(5).

[17] *Gray v. State*, 152 S.W.3d 125, 136 (Tex. Crim. App. 2004) (Cochran, J., dissenting).

AS 28.35.030(u)(4)(A). As we already noted, for these purposes the out-of-state statute need not be identical, or even "substantially similar" to the Alaska statute; it need only be "similar." So the question is not whether the Texas statute reaches a broader range of conduct — it clearly does — but whether the difference is significant enough to place the statute outside the Alaska Legislature's definition of a "similar" offense.

In this analysis, our task is not to compare all the conduct that could potentially be criminal under the Alaska and Texas statutes, but to compare the great majority of cases that will be prosecuted under these statutes. Differences in the reach of the statutes will not defeat a finding of similarity if the differences "apply only to a narrow spectrum of unusual cases."[18]

We have previously found an out-of-state DUI statute "similar" to the Alaska statute even though a person could potentially be convicted in the other state of conduct that would not be a crime in Alaska. In *State v. Simpson*,[19] for example, the defendant argued that his prior Montana DUI conviction could not be counted as a prior conviction under Alaska law because (Simpson contended) an involuntarily intoxicated driver had a defense to driving under the influence under Alaska law but not under Montana law. We held that even if Simpson's contention regarding the scope of Montana DUI law was correct, the Montana statute was still "similar" to the Alaska statute because prosecutions for involuntary intoxication "are rare."[20]

Likewise, in an unpublished case, *Streiff v. State,* we held that a Washington statute that made it illegal to drive under the influence of "any drug" was "similar" to the

---

[18]   *Simpson*, 53 P.3d at 170.

[19]   53 P.3d 165.

[20]   *Id.* at 170.

7                                                        2420

Alaska driving under the influence statute, even though the term "any drug" could include non-controlled substances that would not support a conviction under Alaska law.[21] We emphasized that "the requirement for similar elements necessarily implies that 'there will be some acts that are covered by one statute that are not covered by the other [statute].'"[22]

Thus, as a practical matter — that is, considering the conduct that is actually, rather than theoretically, prosecuted — the Texas DWI statute is similar to the Alaska DUI statute. We have found only one Texas appellate case in which a defendant was convicted of driving while intoxicated by a non-controlled substance that would not have supported a conviction under Alaska law.[23] Phillips cites additional cases, but they involve defendants who were prosecuted for driving while intoxicated by one or more non-controlled substances *in combination with* alcohol or a controlled substance.[24]

---

[21]  *Streiff v. State*, 1998 WL 670605, at *1 (Alaska App. Sept. 30, 1998) (citation omitted).

[22]  *Id.* (citations omitted).

[23]  *See Harkins v. State*, 268 S.W.3d 740, 743 (Tex. App. 2008) (defendant under the influence of Soma, also known as carisoprodol). Note, however, that Soma/carisoprodol is now a Schedule IV controlled substance. *See* Schedules of Controlled Substances: Placement of Carisoprodol into Schedule IV, 76 Fed. Reg. 7730 (Dec. 12, 2011) (to be codified at 21 CFR pt. 1308) (placing Soma/carisoprodol as a Schedule IV controlled substance, effective January 11, 2012).

[24]  *See Gray*, 152 S.W.3d at 126 (alcohol, Klonopin); *Kiffe v. State*, 361 S.W.3d 104, 109 (Tex. App. 2011) (Xanax, Valium, Vicodin); *Paschall v. State*, 285 S.W.3d 166, 170, 177-78 (Tex. App. 2009) (alcohol); *Bryant v. State*, No. 2-08-294-CR, 2010 WL 2813494, at *1, *9 (Tex. App. July 15, 2010) (unpublished) (alcohol); *Dodson v. State*, No. 05-08-01252-CR, 2009 WL 3418140, at *1 (Tex. App. Oct. 26, 2009) (unpublished) (alcohol); *Carter v. State*, No. 14-08-00662-CR, 2009 WL 2998534, at *1 (Tex. App. Aug. 11, 2009) (unpublished) (alcohol, hydrocodone); *Romero v. State*, No. 07-05-0466-CR, 2007 WL 4531967, at *1

(continued...)

While proving the causal relationship between the various intoxicants and the resulting impairment might be different in Alaska than it would be in Texas, the underlying conduct for which the defendant is prosecuted remains similar. We note that Phillips has made no claim that the particular facts underlying his Texas conviction would not support a conviction under Alaska law[25] or that his conviction would be otherwise constitutionally defective under Alaska law.[26]

Thus, because the vast majority of defendants who are convicted of driving while intoxicated in Texas have consumed alcohol or a controlled substance, we conclude that the broader reach of the Texas statute is limited to "a narrow spectrum of unusual cases" and the Texas DWI statute is therefore "similar" to the Alaska DUI statute as that term is defined in AS 28.35.030(u)(4)(A).[27]

In urging us to reach a contrary conclusion, Phillips points to *Williford v. State*,[28] an Alaska Supreme Court case holding that a former version of the Alaska DUI statute that prohibited driving under the combined influence of intoxicating liquor and

---

[24]   (...continued)
(Tex. App. Dec. 20, 2007) (unpublished) (alcohol); *Eaton v. State*, No. 06-05-00153-CR, 2006 WL 1702286, at *1 (Tex. App. June 22, 2006) (unpublished) (alcohol); *Lightcap v. State*, No. 01-00-01218-CR, 2002 WL 1822067, at *1 (Tex. App. Aug. 8, 2002) (unpublished) (alcohol, Xanax).

[25]   Indeed, the record indicates that Phillips's Texas conviction was alcohol-related.

[26]   *Cf. Peel v. State*, 843 P.2d 1249 (Alaska App. 1992) (defendant's sentence cannot be enhanced based on prior uncounseled out-of-state DUI conviction that would be unconstitutional under Alaska Constitution); *Goins v. State*, 2004 WL 1737602, at *1 (Alaska App. Aug. 4, 2004) (unpublished) (defendant has the burden to offer evidence that the prior conviction is constitutionally infirm under the Alaska Constitution).

[27]   *Simpson*, 53 P.3d at 170.

[28]   674 P.2d 1329 (Alaska 1983).

"another substance" was unconstitutionally vague.[29] But the *Williford* decision does not actually support Phillips's due process argument. In *Williford*, the Alaska Supreme Court specifically addressed the Texas DWI statute and a similar California statute, noting that those statutes had been upheld against challenges that they were unconstitutionally vague.[30] The Court then distinguished the Texas and California statutes from the Alaska statute it held was invalid.[31] Thus, *Williford* actually contains an implicit validation of the Texas statute's constitutionality by our supreme court.

> *Why we reject Phillips's claim that the Texas statute does not require proof that the defendant was under the influence of an intoxicant*

Phillips next argues that the Texas statute is not similar to the Alaska statute because a defendant can be convicted of driving while intoxicated in Texas without proof that he ingested an intoxicant.

This argument is based on a misreading of the Texas Court of Criminal Appeals' decision in *Gray v. State*.[32] In *Gray*, the court ruled that the precise substance that caused the defendant's intoxication is not an element of the offense of driving while intoxicated under Texas law.[33] The court explained that it would be bad public policy

---

[29]   *Id.* at 1331.

[30]   674 P.2d at 1331.

[31]   *Id.* at 1331-32.

[32]   152 S.W.3d 125 (Tex. Crim. App. 2004).

[33]   *Id.* at 132.

to allow a defendant to secure an acquittal by proving that he was intoxicated by a substance other than that alleged by the state.[34]

This ruling did not relieve the government of its burden to prove that the defendant ingested an intoxicant. The Texas statute requires the State to show that the defendant was intoxicated "by reason of the introduction of a drug, a controlled substance, a combination of two or more controlled substances or drugs, or any other substance into his body."[35] Under *Gray*, the government is not required to prove the *specific* substance that caused the intoxication, but it still must prove that the defendant's intoxication was caused by the introduction of a substance into the body — as opposed to by some other physical or medical condition.[36]

Phillips acknowledges that under Alaska law the State must prove that the defendant was driving or operating under the influence "of an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination"[37] — and that it need not prove, as an element of the offense, which of these prohibited substances caused the defendant's impairment. We accordingly find no merit to Phillips's claim that the Texas and Alaska statutes are dissimilar on this basis.

*Conclusion*

We AFFIRM the judgment of the superior court.

---

[34] *Id.*

[35] *Delane v. State*, 369 S.W.3d 412, 424 (Tex. App. 2012) (internal quotation marks omitted); *see also State v. Barbernell*, 257 S.W.3d 248 (Tex. Crim. App. 2008).

[36] *See Gray*, 152 S.W.3d at 137.

[37] AS 28.35.030(a)(1).