NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JAMES BUSTER BOWEN,

Petitioner,

v.

STATE OF ALASKA,

Respondent.

Court of Appeals No. A-13756
Trial Court No. 3KN-20-00771 CR

O P I N I O N

No. 2752 — June 30, 2023

Petition for Review from the Superior Court, Third Judicial District, Kenai, Jennifer K. Wells, Judge.

Appearances: David A. Case (petition) and George W.P. Madeira Jr. (briefing and argument), Assistant Public Defenders, and Samantha Cherot, Public Defender, Anchorage, for the Petitioner. Diane L. Wendlandt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Respondent.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Alaska Statute 11.71.050(a)(4) criminalizes the simple possession of most controlled substances. This offense is classified as fifth-degree misconduct involving a controlled substance, a class A misdemeanor. But the same conduct is classified under

AS 11.71.040(a)(12) as fourth-degree misconduct involving a controlled substance —
a class C felony — if, within the preceding ten years, the defendant was convicted
"under AS 11.71.050(a)(4), or [an offense] with elements similar to
AS 11.71.050(a)(4)."

In 2020, James Buster Bowen was indicted under this repeat offender
provision for one count of possession of heroin and one count of possession of
methamphetamine.[1] The State alleged that these offenses were class C felonies because,
in 2013, Bowen was convicted of *attempted* fourth-degree misconduct involving a
controlled substance (*i.e.*, the attempted manufacture or delivery of, or attempted
possession with intent to manufacture or deliver, a controlled substance).[2] According to
the State, this offense has elements that are similar to the elements of fifth-degree
misconduct involving a controlled substance under AS 11.71.050(a)(4) (*i.e.*, simple
possession of a controlled substance), thus elevating Bowen's offenses to class C
felonies.

Bowen moved to dismiss the counts in the indictment charging him with
fourth-degree misconduct involving a controlled substance under the repeat offender
provision. Relevant to this appeal, he argued that the elements of simple drug possession
under AS 11.71.050(a)(4) and the elements of his prior offense are not similar, as
required by AS 11.71.040(a)(12). The superior court denied this motion.

After unsuccessfully moving for reconsideration of the court's order,
Bowen filed a petition for review with this Court. We granted the petition and ordered

---

[1]   AS 11.71.040(a)(12). Bowen was also indicted for one count of second-degree
misconduct involving a controlled substance (AS 11.71.021(a)(1)) and one count of third-
degree misconduct involving a controlled substance (AS 11.71.030(a)(9)), but those
charges are not relevant to the issues raised in this case.

[2]   AS 11.71.040(a)(1) & AS 11.31.100.

full briefing.[3] For the reasons explained in this opinion, we conclude that attempted fourth-degree misconduct involving a controlled substance (Bowen's prior offense) cannot serve as an enhancing conviction under AS 11.71.040(a)(12).

*Why we conclude that the State cannot rely on attempted fourth-degree drug misconduct to satisfy the repeat offender provision of AS 11.71.040(a)(12)*

Under AS 11.71.040(a)(12), a person is guilty of a class C felony if they possess any amount of certain controlled substances and, within the preceding ten years, have been convicted "of a crime under AS 11.71.050(a)(4), or a law or ordinance in this or another jurisdiction with elements similar to AS 11.71.050(a)(4)." The sole question presented by this petition is whether a conviction for attempted manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance satisfies the repeat offender provision of AS 11.71.040(a)(12).

This question is one of statutory interpretation that we review *de novo*.[4] "When we interpret a statute, we 'consider its language, its purpose, and its legislative

---

[3] Before the briefing was complete, Bowen entered into an agreement with the State that resolved his case, and the State accordingly asked us to dismiss the petition for review as moot. We denied this motion, finding that Bowen's petition satisfied the public interest exception to the mootness doctrine. *See State v. Roberts*, 999 P.2d 151, 153 (Alaska App. 2000) (public interest exception to mootness doctrine requires the court to consider: (1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify resolving a moot issue).

[4] *Baer v. State*, 499 P.3d 1037, 1040 (Alaska App. 2021) (citing *Brown v. State*, 404 P.3d 191, 193 (Alaska App. 2017)).

history, in an attempt to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others.'"[5]

We first address whether attempted fourth-degree misconduct involving a controlled substances has "elements similar" to fifth-degree misconduct involving a controlled substance, the specifically enumerated offense.

The statutory phrase "elements similar" (or variations of that phrase) is a term of art that has acquired a particular meaning through a series of judicial decisions.[6] The Alaska Supreme Court has explained that whether statutes have "similar" elements depends on whether their elements are "categorically alike with no significant differences."[7] Under this categorical approach, it is the *elements* that must be similar, not the specific facts underlying the defendant's prior conviction.[8] But this does not mean that the elements must be "identical."[9] Instead, elemental similarity is determined by referring to the "great majority of cases," and not by examining differences that "apply only to a narrow spectrum of unusual cases."[10]

Applying this analysis to the statutes at issue in this case leads to the conclusion that the *completed* offense of fourth-degree misconduct involving a controlled substance (*i.e.*, manufacturing or delivering or possessing with intent to

---

[5]   *Cleveland v. State*, 241 P.3d 504, 506 (Alaska App. 2010) (quoting *Alyeska Pipeline Serv. Co. v. State, Dep't of Envtl. Conservation*, 145 P.3d 561, 566 (Alaska 2006)).

[6]   *See, e.g.*, *State, Dep't of Pub. Safety v. Doe*, 425 P.3d 115, 119-20 (Alaska 2018); *Phillips v. State*, 330 P.3d 941, 942 (Alaska App. 2014).

[7]   *Doe*, 425 P.3d at 121.

[8]   *Id.* at 119-20.

[9]   *State v. Delagarza*, 8 P.3d 362, 365-68 (Alaska App. 2000); *Borja v. State*, 886 P.2d 1311, 1314 (Alaska App. 1994); *Doe*, 425 P.3d at 120-21.

[10]   *Phillips*, 330 P.3d at 944 (quoting *State v. Simpson*, 53 P.3d 165, 170 (Alaska App. 2002)).

manufacture or deliver) has elements that are "similar" to the elements of simple drug possession under AS 11.71.050(a)(4). This is because it is virtually impossible for a person to commit the greater offense — manufacturing, delivering, or possessing with intent to manufacture or deliver — without also committing the lesser offense of simple possession. Both parties acknowledge, in fact, that simple drug possession is usually a lesser included offense of not only fourth-degree drug misconduct but also of many other felony drug offenses.

Building on this analysis, the State argues that we must reach a similar conclusion when comparing the elements of *attempted* fourth-degree drug misconduct with the elements of simple drug possession. Indeed, the State asserts that all attempted drug offenses must be deemed to have "elements similar" to their target crimes for purposes of the repeat offender provision set out in AS 11.71.040(a)(12).

But the elements of an attempt ordinarily do not overlap with the elements of the target crime. Although a crime of attempt implicates the underlying substantive statute, and an attempt cannot be charged without reference to the underlying crime, it is not necessary for the State to directly prove any of the elements of the target crime in order to convict a defendant of an attempt. Instead, to prove an attempt, the State must establish (1) that the defendant *intended* to commit the target crime and (2) that the defendant took a substantial step toward the commission of the target crime.[11]

We accordingly conclude that, under the categorical approach to determining elemental similarity, attempted drug misconduct crimes do *not* have elements similar to their target crimes. And in particular, comparing the elements of attempted fourth-degree controlled substances misconduct to fifth-degree controlled substances misconduct leads to the conclusion that the two crimes are not elementally similar.

---

[11] AS 11.31.100(a); *Braham v. State*, 571 P.2d 631, 637 (Alaska 1977).

Next, we examine the question of statutory interpretation and legislative intent — that is, did the legislature intend the statutory reference to fifth-degree misconduct involving a controlled substance (simple possession) to include the related attempt offense? If the answer to this question is "yes," then Bowen's prior conviction for attempted fourth-degree misconduct involving a controlled substance would also qualify as a predicate offense because it would have elements "similar" to attempted fifth-degree misconduct involving a controlled substance. (In other words, because attempted fourth- and fifth-degree controlled substance misconduct are both attempt crimes, to prove either offense the State must establish that the defendant intended to commit the target crime and took a substantial step toward commission of that crime.[12])

We begin with the plain language of the statute. Alaska Statute 11.71.040(a)(12) sets forth the completed crime of simple possession under AS 11.71.050(a)(4), and those other crimes that have "similar" elements, as predicate offenses, and does not expressly include attempts. Under the principle of *expressio unius est exclusio alterius*, where certain things are designated in a statute, all omissions should be understood as exclusions.[13] Indeed, in other Alaska felony enhancement statutes that are based on repeat offender provisions, the legislature expressly included attempts as predicate offenses.[14] Thus, the legislature's omission of

---

[12]  *See* AS 11.31.100(a).

[13]  *State v. Fyfe*, 370 P.3d 1092, 1099 (Alaska 2016); *State v. Fogg*, 995 P.2d 675, 676 (Alaska App. 2000) (quoting *Croft v. Pan Alaska Trucking, Inc.*, 820 P.2d 1064, 1066 (Alaska 1991)).

[14]  *See, e.g.*, AS 11.41.260(a)(6) (first-degree stalking statute applies to defendants "previously convicted of a crime, *or an attempt* or solicitation to commit a crime" under the listed statutory provisions (emphasis added)); AS 12.63.100(1), (2), and (7) (defining "aggravated sex offense," "child kidnapping," and "sex offense," respectively, to include "an attempt, solicitation, or conspiracy to commit" the listed offenses); AS 12.55.185(10) (defining "most serious felony" to include "an attempt, or conspiracy to commit, or criminal solicitation under AS 11.31.110 of, an unclassified felony prescribed under AS 11.41"); AS 12.55.185(16) (defining "sexual felony" to include "felony attempt" of

any reference to attempted offenses in AS 11.71.040(a)(12) strongly indicates that it did not intend a prior conviction for an attempted drug offense to enhance simple drug possession to a felony.

This conclusion finds support in other jurisdictions. For example, California appellate courts have routinely held that "attempt" is a crime that is sharply distinct from the completed offense, and unless attempts are expressly included in a statute, they will not be considered as a predicate offense for purposes of sentence enhancement.[15] Similarly, the Supreme Court of Pennsylvania has concluded that attempted burglary is not a qualifying offense for purposes of a statute which prohibits an individual from possessing a firearm if they have been previously convicted of certain offenses, including burglary.[16] The court explained that the statute is "unambiguous" because "while burglary is on the [statute's] list of enumerated offenses, attempt is plainly not."[17] Likewise, the Minnesota Supreme Court has held

---

listed crimes); AS 11.41.110(a)(5)(C) (defining second-degree murder to include "an attempt, a solicitation, or a conspiracy to commit a crime listed").

[15] *See, e.g.*, *People v. Reed*, 129 Cal.App.4th 1281, 1283, 29 Cal.Rptr.3d 215, 216 (Cal. App. 2005) (finding a statute that added a separate three-year jail term for prior felony conviction for violation of, or conspiracy to violate, one of several enumerated crimes did not include attempted commissions of those crimes); *People v. White*, 188 Cal.App.3d 1128, 1134, 233 Cal.Rptr. 772, 776 (Cal. App. 1987) (finding a statute that triggered a life sentence for a "habitual offender" with two or more prior separate prison terms for certain violent crimes against a person, including robbery, did not cover an attempted robbery "for attempted robbery is not the same crime as robbery"); *People v. Ibarra*, 134 Cal.App.3d 413, 425, 184 Cal.Rptr. 639, 647 (Cal. App. 1982) (deciding a sentencing enhancement for enumerated violent completed felonies did not include attempted murder).

[16] *Commonwealth v. Clegg*, 27 A.3d 1266, 1266 (Pa. 2011).

[17] *Id.* at 1270.

that a defendant's conviction solely for an attempt is not a violation of a statute defining the completed offense.[18]

But under Alaska's sliding scale approach, our analysis does not stop at the plain language of the statute; we must also consider the legislative history behind the recidivist provision in AS 11.71.040(a)(12).[19] In some cases, the legislative history of a statute will make clear that the legislature did intend the enumerated completed crime to also include the related attempt.[20]

For example, in *Mack v. State*, we examined AS 12.55.085, the statute authorizing a sentencing court to grant a suspended imposition of sentence (SIS).[21] This statute precludes the granting of an SIS for certain enumerated, *completed* offenses, including sexual abuse of a minor. Mack was convicted of *attempted* sexual abuse of a minor, and he argued that the district court had erred in concluding that AS 12.55.085 barred the granting of a SIS for this attempt offense. To answer this question, we examined the legislative history of the SIS statute, and we concluded that the legislative history "clearly evinces the legislature's intent to include all forms of sexual offenses

---

[18] *State v. Noggle*, 881 N.W.2d 545, 549 (Minn. 2016).

[19] *See Ives v. State*, ___ P.3d ___, Op. No. 2742, 2023 WL 2721359, at *3 (Alaska App. Mar. 31, 2023) ("When interpreting a statute, Alaska's courts employ a 'sliding scale' analysis under which a court considers the legislature's intent as well as the language of the statute itself." (citations omitted)).

[20] *See, e.g.*, *Brookins v. State*, 600 P.2d 12, 17 (Alaska 1979) (concluding that former firearm enhancement statute, which expressly applied only to robbery, also applied to attempted robbery); *Dandova v. State*, 72 P.3d 325, 330-32 (Alaska App. 2003) (looking to legislative purpose of statutory heat of passion defense to determine whether the statute, which expressly applied the defense only to murder, also applied to attempted murder); *Bourdon v. State*, 28 P.3d 319, 321 (Alaska App. 2001) (looking to the legislative history of the bail statute to determine that provision denying bail to defendants convicted of various specified sexual offenses also precluded bail for defendants convicted of *attempts* to commit those crimes).

[21] *Mack v. State*, 900 P.2d 1202, 1203 (Alaska App. 1995).

within the restriction against the granting of a suspended imposition of sentence," including attempted sexual offenses.[22] Mack was therefore barred from receiving a SIS.

In this case, the legislative history does not produce such a clear result. Alaska Statute 11.71.040(a)(12) was enacted in 2019 along with other drug offense sentencing and classification reforms. These reforms were initiated by the governor's office as part of its effort to repeal the 2016 changes enacted by Senate Bill 91.[23] The governor's original proposal would have classified all simple drug possession offenses as class C felonies.[24] However, the legislature largely rejected this proposal — it continued to classify a person's first simple possession offense as a misdemeanor, but made the offense punishable by up to 1 year in jail.[25] The legislature also enacted AS 11.71.040(a)(12), which elevates simple drug possession to a class C felony if the defendant has been convicted of a qualifying prior offense.[26]

During the committee hearings on this legislation, there was no discussion about whether attempted fifth-degree drug misconduct would qualify as a predicate offense for purposes of the repeat offender provision of AS 11.71.040(a)(12). The discussions instead focused on the legislature's goals of promoting treatment for drug

---

[22]  *Id.* at 1204.

[23]  *See* Governor's Transmittal Letter for House Bill 49, 2019 House Journal 167-70 (Feb. 20, 2019).

[24]  Audio of House Finance Comm., House Bill 49, testimony of John Skidmore, Director, Criminal Division, Dep't of Law, at 1:00:20 – 1:00:47 p.m. (May 4, 2019).

[25]  FSSLA 2019, ch. 4, §§ 53, 75, 138. Under the 2016 legislation, simple drug possession was a class A misdemeanor but was not punishable with any active jail time. *See* SLA 2016, ch. 36, §§ 47, 93.

[26]  FSSLA 2019, ch. 4, §§ 51-52.

users and also protecting Alaskan communities by expanding the tools law enforcement could use to combat the drug crisis.[27]

During the discussions, a number of legislators expressed concern about the negative impacts of imposing either jail time or a felony conviction for simple drug possession.[28] But several other legislators questioned the choice to retain simple drug possession as a misdemeanor, rather than classifying it as a felony.[29] The legislature ultimately adopted a two-tiered approach: a first conviction for simple possession would be classified as a misdemeanor (AS 11.71.050(a)(4)) while a subsequent conviction would be a class C felony (AS 11.71.040(a)(12)).

The State argues that it is unlikely that the legislature would enact a statute increasing jail sentences for simple possession, designed to incentivize treatment for drug users, but not include the same sentence enhancements for defendants who were previously convicted of attempting a greater drug offense. But it also appears unlikely that the legislature intended for a person to be charged with a felony after being

---

[27] *See, e.g.*, Audio of House Finance Comm., House Bill 49, testimony of John Skidmore, Director, Criminal Division, Dep't of Law, at 2:32:50 – 2:38:09 p.m. (Apr. 29, 2019); Audio of House Finance Comm., House Bill 49, comments of Rep. Colleen Sullivan-Leonard at 1:15:58 – 1:17:05 p.m. and Rep. Jennifer Johnston at 1:41:45 – 1:55:41 p.m. (May 4, 2019); Audio of Senate Finance Comm., House Bill 49, testimony of Major Andrew Greenstreet, Deputy Director, Alaska State Troopers, at 10:05:09 – 10:09:46 a.m. (May 10, 2019); Audio of Senate Finance Comm., House Bill 49, comments of Sen. Bill Wielechowski, Sen. Peter Micciche, and Sen. Mike Shower at 3:56:28 – 4:05:31 p.m. (May 12, 2019).

[28] *See, e.g.*, Audio of House Finance Comm., House Bill 49, comments of Rep. Dan Ortiz at 1:05:51 – 1:07:43 p.m. and Rep. Andy Josephson at 1:14:25 – 1:15:25 p.m. (May 4, 2019); Audio of Senate Finance Comm., House Bill 49, comments of Sen. Bill Wielechowski at 3:56:25 – 3:59:03 p.m. and Sen. Donny Olson at 4:03:00 – 4:03:44 p.m. (May 12, 2019).

[29] *See, e.g.*, Audio of Senate Finance Comm., House Bill 49, comments of Sen. Mike Shower at 2:06:22 – 2:07:13 p.m. and Sen. Peter Micciche at 2:10:23 – 2:11:20 p.m. (May 9, 2019); Audio of Senate Finance Comm., House Bill 49, comments of Sen. Peter Micciche at 3:59:25 – 4:02:12 p.m. (May 12, 2019).

2752

previously convicted only of attempting to commit the enumerated crime of simple drug possession — in other words, even if their previous conviction was for a class B misdemeanor offense.[30]

For these reasons, we conclude that the plain language of AS 11.71.040(a)(12), without an explicit reference to attempts, does not support an inference that the legislature intended to include attempted fifth-degree misconduct involving a controlled substance as an enhancing conviction. Because the legislative history of the statute does nothing to rebut this understanding, it suggests that the recidivist statute should be interpreted as excluding attempted drug offenses from serving as predicate convictions.

But to the extent there is any lingering ambiguity in the interpretation of this statute and its legislative history, we apply the rule of lenity to conclude that a conviction for attempted fifth-degree controlled substances misconduct is not a prior qualifying offense — and by extension, neither is attempted fourth-degree controlled substances misconduct.[31]

In sum, we conclude that attempted fourth-degree controlled substance misconduct does not have "elements similar" to fifth-degree controlled substance misconduct, the plain language of the statute does not include attempt offenses, and the legislative history is, at best, ambiguous with respect to whether the legislature intended to include attempted simple possession as a predicate conviction. We accordingly

---

[30] We also note that, in the recidivist provision of other statutes, the legislature was clear when it intended to include a broad range of related offenses — enumerating, for example, all of the assault statutes, or large swaths of Chapter 41 offenses against a person. *See, e.g.*, AS 11.41.220(a)(5); AS 11.41.260(a)(6).

[31] *See State v. Andrews*, 707 P.2d 900, 907 (Alaska App. 1985) (explaining that given the due process implications of a criminal conviction, "[a]mbiguities in criminal statutes must be narrowly read and construed strictly against the government"); *McDole v. State*, 121 P.3d 166, 169 (Alaska App. 2005).

construe the repeat offender provision of AS 11.71.040(a)(12) against the State, concluding that attempted fourth-degree misconduct involving a controlled substance is not a qualifying predicate conviction.

*Conclusion*

We REVERSE the superior court's order denying Bowen's motion to dismiss Counts III and IV of the indictment.